# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JAMIE KHRIES,

    Plaintiff,

v.

THE BOEING COMPANY,

    Defendant.

NO. C17-1641RSL

ORDER AWARDING SANCTIONS
AND COMPELLING DEPOSITION

This matter comes before the Court on "The Boeing Company's Motion for Sanctions for Plaintiff's Failure to Appear for her Properly Noticed Deposition." Dkt. # 25. Despite having almost a month's notice of the deposition, plaintiff chose not to appear. The day before the deposition was scheduled to occur, plaintiff emailed defense counsel, stating:

> I will not be at the deposition on May 14th, 2019. Because the case has been going on on for over 5 years and you already had made me a settlement offer. We are going to proceed to trial. There too many conspiracy in this case. Any judge decision not in my favor I will appeal to the Ninth Circuit Court.

Dkt. # 26 at 18. Defense counsel had traveled to Seattle for another matter, but had arranged to stay an extra night in order to take the deposition. He responded to plaintiff's email, noting that her presence was required under the Federal Rules of Civil Procedure and that, if she persisted in her refusal to attend, defendant would seek sanctions. Plaintiff did not respond or appear. See

ORDER AWARDING SANCTIONS AND
COMPELLING DEPOSITION - 1

Dkt. # 26 at 24. Defendant filed this motion for sanctions and an order compelling plaintiff to appear for her deposition.

A party's failure to appear for her own deposition after being served with proper notice is sanctionable under Fed. R. Civ. P. 37(d). Available sanctions include taking certain facts as established or unsupported, staying the proceedings until the subpoena is obeyed, and/or dismissing plaintiff's claims in whole or in part. Instead of or in addition to these sanctions, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Plaintiff has not responded to defendant's motion and has not shown that her failure to attend was substantially justified or that an award of expenses would be unjust.

Having reviewed the moving papers and reply, it is hereby ORDERED that:

1. Defendant's motion for sanctions and to compel plaintiff's deposition is GRANTED.

2. Plaintiff shall appear for her continued deposition at a mutually agreed upon date and time no later than June 21, 2019.

3. Plaintiff shall, within thirty days of the date of this Order, pay to defendant $346.98 to reimburse it for the court reporter fees and the extra night at the hotel.

4. Plaintiff is reminded that litigation in federal court is a right and a privilege that must be taken seriously by the parties. By initiating a lawsuit, plaintiff took upon herself certain obligations, including the duty to respond to discovery requests. Her failure to appear at her own deposition is detrimental to the orderly resolution of this dispute. Failure to comply with the terms of this Order and/or future failures to comply with her discovery obligations will result in

ORDER AWARDING SANCTIONS AND
COMPELLING DEPOSITION - 2

more severe sanctions, including the possible dismissal of this case.

Dated this 13th day of June, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER AWARDING SANCTIONS AND
COMPELLING DEPOSITION - 3